J-S37023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONTAY RAYSHAW BREWER | : | |
| | : | |
| Appellant | : | No. 158 EDA 2021 |

Appeal from the PCRA Order Entered December 11, 2020
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0009340-2009

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 4, 2022**

Dontay Rayshaw Brewer (Appellant) appeals *pro se* from the order dismissing as untimely his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Appellant was the head of a cocaine trafficking operation.  On January 27, 2011, a jury convicted him of numerous crimes related to his enterprise: corrupt organizations; conspiracy to commit corrupt organizations; delivery of a controlled substance (6 counts); possession of a controlled substance (4 counts); conspiracy to violate the Controlled Substance, Drug, Device, and Cosmetic Act; criminal use of a communications facility (5 counts); and possession of drug paraphernalia.  On March 7, 2011, with regard to five of the counts, the Commonwealth filed a Notice of Intent to Seek Mandatory

_____

[*] Former Justice specially assigned to the Superior Court.

Sentence pursuant to 18 Pa.C.S.A. § 7508. On March 28, 2011, the trial court sentenced Appellant to an aggregate 21 – 60 years in prison, plus $210,000 in mandatory fines. This Court affirmed Appellant's judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal. **Commonwealth v. Brewer**, 50 A.3d 250 (Pa. Super. 2012) (Table) (unpublished memorandum), **appeal denied**, 62 A.3d 377 (Pa. 2013) (Table).

On December 3, 2013, Appellant pro se filed a timely PCRA petition claiming that his trial counsel was ineffective for failing to file a suppression motion. Counsel was appointed and filed an amended petition. The PCRA court denied relief and Appellant appealed. On appeal, Appellant additionally argued that his five mandatory minimum sentences were unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (2013).[1] Appellant had not previously raised this claim in his pro se or amended petition.

Upon review, we concluded that counsel was not ineffective and Appellant's sentencing claim based on **Alleyne** was not waived. However, we found Appellant failed to timely raise the **Alleyne** claim because he raised it more than a year after his judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545. Therefore, we affirmed the PCRA court's denial of relief.

---

[1] In **Commonwealth v. Mosley**, 114 A.3d 1072 (Pa. Super. 2015), this Court ruled Section 7508 was unconstitutional under **Alleyne**. **See also Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015) (invalidating a procedurally identical mandatory minimum statute pursuant to **Alleyne**).

On September 14, 2015, Appellant filed a second, counseled PCRA petition, again arguing that his sentence was unconstitutional and should be vacated under **Alleyne** and its progeny; Appellant also raised a new ineffectiveness of trial counsel claim. The PCRA court dismissed the petition as untimely. We affirmed, and the Pennsylvania Supreme Court denied review. **Commonwealth v. Brewer**, 153 A.3d 1113 (Pa. Super. 2016) (Table), **appeal denied**, 162 A.3d 1114 (Table).

On September 14, 2020, Appellant *pro se* filed the underlying PCRA petition, his third. Appellant claims that **Alleyne** converted his mandatory fines into non-mandatory fines, such that he is now eligible for relief under **Commonwealth v. Ford**, 217 A.3d 824 (Pa. 2019).[2]

On November 2, 2020, the PCRA court issued notice of intent to dismiss the petition without a hearing, explaining:

> … [Appellant] has failed to invoke the timeliness exception at Section 9545(b)(1)(ii) relying on [**Ford**] (holding that "trial courts are without authority to impose non-mandatory fines absent record evidence that the defendant is or will be able to pay them."), because "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011). Additionally, [Appellant] cannot rely on **Ford**, **supra** to invoke the timeliness exception at Section 9545(b)(1)(iii), because it does not satisfy the new retroactive constitutional right exception to the PCRA's one-year time bar. Finally, **Ford**, **supra** is inapplicable

---

[2] The Pennsylvania Supreme Court held "the plain language of [Section 9726(c) of the Sentencing Code] is clear: trial courts are without authority to impose **non-mandatory fines** absent record evidence that the defendant is or will be able to pay them." **Ford**, 217 A.3d at 829 (emphasis added).

to [Appellant] because he was sentenced to pay **mandatory** fines.

Pa.R.Crim.P. 907 Notice, 11/2/20 (emphasis in original).[3]

On December 11, 2020, the PCRA court dismissed Appellant's petition without a hearing. Appellant timely appealed. Both the PCRA court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents three related issues for review:

1. Did the PCRA Court err when it denied jurisdiction under 42 Pa.C.S. § 9545(b)(1)(ii) to entertain [Appellant's] **Ford** claim?

2. Did the PCRA Court err when it denied jurisdiction under 42 Pa.C.S. § 9545(b)(1)(iii) to entertain [Appellant's] **Ford** claim?

3. Does the categorical rule announced in **Commonwealth v. Watts**, 23 A.3d 980, 987, 988-89 (Pa. 2011), prohibiting a judicial decision from ever be [*sic*] considered as a new fact under 9545(b)(1)(ii), conflict with the PA Supreme Court[']s initial clarification of a statute decision explained in **Fiore**, and its progeny?

Appellant's Brief at 4 (footnotes omitted).

It is well-settled that an appellate court "reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Here, we must first determine whether Appellant's petition is timely. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008). All PCRA

_____

[3] Appellant filed an untimely response to the Rule 907 notice.

- 4 -

petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to the time-bar applies.  42 Pa.C.S.A. § 9545(b)(1).  "The PCRA's time restrictions are jurisdictional in nature.  Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (citations omitted).  Timeliness requirements of the PCRA must be met even if the underlying claim is a challenge to the legality of the sentence.  ***See Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citation omitted).

A petitioner may overcome the time-bar if he alleges and proves one of the three statutory exceptions.  ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).  The statute provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

...

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Appellant's judgment of sentence became final on April 10, 2013, at the expiration of the 90-day period to appeal to the United States Supreme Court. **See** 42 Pa.C.S.A. § 9545(b)(3); Sup.Ct.R. 13. Because Appellant had one year from April 10, 2013 to file his PCRA petition, the current petition, which Appellant filed on September 14, 2020, is facially untimely.

Appellant argues that the Pennsylvania Supreme Court's decision in **Commonwealth v. Ford**, 217 A.3d 824 (Pa. 2019), meets the newly discovered fact exception of Section 9545(b)(1)(ii).[4] In his words, Appellant:

_____

[4] The newly-discovered fact exception requires a petitioner to plead and prove: (1) the facts upon which the claim was predicated were unknown, and
*(Footnote Continued Next Page)*

- 6 -

submits the **Ford** Court's *statutory interpretation* of Section 9726(c) to "require[] record evidence of a defendant's ability to pay a fine" and conclusion when "no such evidence exists in the record . . . the trial court imposed an illegal sentence," **Ford** at 831, applies retroactively back to the date of his sentencing, as a result of § 7508 being "rendered void on its face."

Appellant's Brief at 12-13 (emphasis in original). We are not persuaded.

The PCRA court correctly concluded that Appellant's claim alleging the newly-discovered fact of the **Ford** decision is without merit. The court found that pursuant to "the pronouncement of our Supreme Court in **Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011), a judicial opinion does not qualify as a previously unknown 'fact' capable of triggering the timeliness exception codified in the PCRA." PCRA Court Opinion, 2/12/21, at 4. The PCRA court quoted the following excerpt from **Watts**:

Black's Law Dictionary explains the distinction thusly: 'Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule.' Put another way 'A 'fact,' as distinguished from the 'law,' ... [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law.' Consistent with these definitions, an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.

---

(2) these unknown facts could not have been ascertained by the exercise of due diligence. **See Commonwealth v. Burton**, 158 A.3d 618, 638 (Pa. 2017).

*Id. at 5* (citing **Watts**, 23 A.3d at 986-87). The court added, "Most recently, our Supreme Court reaffirmed that 'a judicial opinion - even one which may establish a new theory or method of obtaining relief - does not amount to a new 'fact' under Section 9545(b)(I)(ii) of the PCRA.'" **Commonwealth v. Reid**, 235 A.3d 1124, 1148 (Pa. 2020).

Next, Appellant argues he has satisfied the newly recognized constitutional right exception to the PCRA time-bar set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). Appellant claims the doctrine of *stare decisis* "demands that the result in **Ford** be retroactively applied here." Appellant's Brief at 17. Appellant suggests the rationale of **Ford** – regarding the "right to be free from *excessive fines*" – should be extended to mandatory fines. **Id.** at 19 (emphasis in original).

This Court explained the scope of the constitutional right exception in **Commonwealth v. Chambers**, 35 A.3d 34 (Pa. Super. 2011). We stated:

> For purposes of deciding whether the timeliness exception to the PCRA based on the creation of a new constitutional right is applicable, **the distinction between the holding of a case and its rationale is crucial since only a precise creation of a constitutional right can afford a petitioner relief.... [T]he rationale used by the Supreme Court is irrelevant to the evaluation of a § 9545(b)(1)(iii) timeliness exception to the PCRA, as the right must be one that has been expressly recognized by either the Pennsylvania or United States Supreme Court.** Thus, for the purpose of the timeliness exception to the PCRA, only the holding of the case is relevant.

*Id*. at 40-43 (emphasis added).

- 8 -

Like the appellant in **Chambers**, Appellant is not basing his argument on a newly-recognized constitutional right as contemplated by the PCRA. Rather, he bases his argument on **Ford**'s rationale that a trial court may only impose fines based on a defendant's ability to pay. **Ford**, 217 A.3d at 831. Thus, Appellant's reliance on the *stare decisis* doctrine misplaced. "While rationales that support holdings are used by courts to recognize new rights, this judicial tool is not available to PCRA petitioners." **Chambers**, **supra** at 42. Furthermore, the holding in **Ford** is limited to non-mandatory fines (as opposed to the mandatory fines imposed on Appellant).

In sum, Appellant may not invoke the **Ford** decision to meet the newly discovered fact or constitutional right exception to the PCRA time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022